| | |
|---|---|
| KENNETH A. BURGESS <br> and SHERRIE BURGESS, <br> 14322 Caenen, <br> Olathe, KS 66062, <br><br>     Plaintiffs, <br><br> v. <br><br> KENDRICK S. BURGESS, <br> 2603 Indian Trail, <br> St. Joseph, MO 64506, <br><br> MIDWEST SCRAP MANAGEMENT, INC. <br> 4501 Packers Avenue, <br> St. Joseph, MO 64504 <br><br>  Registered Agent: <br><br>  Sherrie Burgess <br>  4501 Packers Ave., <br>  St. Joseph, MO 64504 <br>     Defendants. | Div 2 <br><br> Case No. 05BU CV04407 <br><br> SET FOR: STATUS REVIEW HEARING December 28, 2005 <br> AT 8:30 AM <br> DIV. NO. 2 |

## VERIFIED PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW plaintiffs Kenneth A. and Sherrie Burgess, who allege as follows for their Verified Petition pursuant to R.S.Mo. §§ 526.010, et seq. and 527.010, et seq. for declaratory and injunctive relief:

### PARTIES

1.  Plaintiffs Kenneth A. Burgess and Sherrie Burgess ("Plaintiffs") are married individuals who reside at 14322 Caenen, Olathe, KS 66062.

2.  Kenneth A. Burgess is the Vice President of defendant Midwest Scrap Management, Inc. ("Midwest Scrap").



1

Case 5:05-cv-06138-RED   Document 1-1   Filed 11/23/05   Page 1 of 16

3. Kenneth A. and Sherrie Burgess are founders, directors and shareholders of Midwest Scrap.

4. Defendant Kendrick S. Burgess is an individual who resides at 2603 Indian Trail, St. Joseph, MO 64506.

5. Kendrick S. Burgess is the 28 year-old son of Kenneth A. and Sherrie Burgess and has previously served as the President of Midwest Scrap.

6. Midwest Scrap is a Missouri corporation and it has its principal place of business at 4501 Packers Avenue, St. Joseph, MO 64504.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to R.S. Mo. § 478.070.

8. Venue is properly in this Court pursuant to R.S. Mo. § 508.040 in that Midwest Scrap has an office or place of business in St. Joseph, Buchanan County, Missouri.

## FACTS

### A. The Formation and Operation of Midwest Scrap

9. Midwest Scrap was formed and incorporated by Kenneth and Sherrie Burgess in approximately 1989 for the purpose of engaging in the scrap metal business.

10. Midwest Scrap's Articles of Incorporation authorized the issuance of 30,000 shares of Common Stock at $1.00 par value, and required three directors unless otherwise stated in the Bylaws. The Articles of Incorporation also mandated that any change in the number of directors required proper notice to the Secretary of State. (See Articles of Incorporation, Art. III and VI, attached hereto as Exhibit A).

11. In 1989, 500 shares of Common Stock were issued to Kenneth and Sherrie Burgess.

2
Case 5:05-cv-06138-RED    Document 1-1    Filed 11/23/05    Page 2 of 16

12. Since the incorporation of the business, Kenneth and Sherrie Burgess have served as directors of Midwest Scrap. For a time, Kenneth also served as the President of the company, while Sherrie acted as the Secretary of the corporation. Both have remained active in day to day management and operation of the business to date. Kenneth's contacts in the industry have been and continue to be essential to the continued viability of Midwest Scrap.

13. In 1996, the corporation attempted to issue 1,000 of its authorized shares to defendant Kendrick Burgess in exchange for and in consideration of a payment of $25,000. Thereafter, Kendrick Burgess was given the title of President of the corporation and was made a director.

14. Upon information and belief, defendant Kendrick Burgess has never paid the $25,000 for his 1,000 shares.

15. Continuously from 1989 to date, Kenneth and Sherrie Burgess have run the business, operation and affairs of Midwest Scrap. They believed and acted under the belief that they have been directors of the corporation since the corporation was formed.

16. Plaintiffs are informed and believe that beginning in 1997, after Kendrick Burgess became President, the corporate secretary and/or corporate attorney, through inadvertence or mistake, discontinued listing Kenneth and Sherrie Burgess as directors of the corporation in the annual minutes.

17. There has been no formal or proper meeting or vote held within the corporation to remove Plaintiffs as directors or to reduce the number of directors for the corporation. Indeed, upon information and belief, no where in the corporate records or minutes is it reflected that Plaintiffs were removed as directors, that any such vote or removal took place, or that the number of directors for the corporation was reduced from three directors to one.

18. Kenneth and Sherrie Burgess have never received any such notice or other information indicating they have ever been removed as directors of Midwest Scrap.

19. Upon information and belief, no notice has ever been given to the Missouri Secretary of State stating that Midwest Scrap's number of directors has been reduced from three to one. Missouri law requires a corporation to give written notice within thirty days to the Secretary of State whenever the number of directors is changed. R.S.Mo. § 351.315 (2004) (subsequently amended by L.2004, H.B. No. 1664). Failure to give such notice renders any attempted change in the number of the directors void. *See In re M&M Commercial Services, Inc.*, 115 B.R. 212 (E.D. Mo. 1990) (Court dismissed actions of single director as unauthorized because notice was not given to Secretary of State that number of directors had been reduced from three to one).

## B. The History of Kendrick Burgess' Criminal and Ultra Vires Acts

20. Kendrick Burgess is no stranger to this court. He has a history of alcohol abuse and has demonstrated a total disregard for the safety of others in the community.

21. On or about October 20, 1993, Kendrick Burgess was charged with possession of liquor by a minor. He later pled guilty to that charge on November 30, 1993.

22. On or about October 27, 1994, Kendrick Burgess was charged with operating a vehicle with a suspended or invalid license. On January 26, 1995, he pled guilty to that charge.

23. On or about May 22, 1999, Kendrick Burgess was charged with driving a vehicle while intoxicated. On August 18, 1999, he pled guilty to that charge.

24. On or about September 26, 2005, Kendrick Burgess fired a gun on company property and was charged with discharging a firearm while intoxicated, a Class D Felony in

4
Case 5:05-cv-06138-RED   Document 1-1   Filed 11/23/05   Page 4 of 16

Missouri. As explained further below, Kendrick Burgess remains in police custody as a result of this charge.

25. Within the last several weeks, defendant Kendrick Burgess has engaged in the following acts, among others, that are ultra vires and/or constitute breaches of fiduciary duties and duties of loyalty and fidelity to Midwest Scrap and/or bring disrepute, humiliation, embarrassment and harm to Midwest Scrap and Plaintiffs:

    a. Kendrick Burgess has looted a company lockbox of an amount in excess of $200,000 which he has converted to his own personal use;

    b. Kendrick Burgess attempted to enter into a buy/sell agreement with a competitor of Midwest Scrap without notice or discussion with Plaintiffs;

    c. On September 26, 2005, at approximately 1:00 a.m., Kendrick Burgess, together with his wife, attempted to remove and convert corporate property to his own use—namely, a computer and three Rolodexes used by Kenneth Burgess—but in the process locked himself out of his vehicle on Midwest Scrap property and used a firearm to shoot out one or more windows in his vehicle, while under the influence of alcohol;

    d. As a result of the foregoing incident, Kendrick Burgess was arrested and charged with discharge of a firearm within St. Joseph, Missouri city limits, and remains incarcerated in the Buchanan County Jail at the time of filing of this Petition, the Court finding that bond should be denied because "the defendant is a danger to the community" (See Exhibit B); and

    e. Kendrick Burgess is mentally and psychologically unfit to act as president or otherwise hold a position of management or other such authority in Midwest Scrap.

26. On September 26, 2005, Kenneth and Sherrie Burgess issued a notice of a special meeting of the Board of Directors of Midwest Scrap, which notice was timely and personally served on Kendrick Burgess.

## C. Official Corporate Acts Since Kendrick Burgess' Most Recent Arrest

27. On September 27, 2005, at 4:30 p.m. in the Sheraton Suites Hotel on the Plaza, in Kansas City, Missouri, Kenneth and Sherrie Burgess held a meeting of directors of Midwest Scrap, at which the following resolutions were moved, seconded and approved by majority vote of the directors:

   a. That 1,000 of the authorized shares would be issued to Melanie Callen, and an additional 1,000 of the authorized shares would be issued to Jerrit Burgess;

   b. That Kendrick Burgess is to be removed as president of Midwest Scrap;

   c. That Kendrick Burgess is directed to return all corporate property he has taken, stolen and converted from Midwest Scrap; and

   d. That attorney John Gilliford, who attended the board meeting with Kendrick Burgess's wife, is dismissed as counsel for Midwest Scrap, if he was in fact ever even properly retained by Midwest Scrap.

28. John Gilliford, acting as counsel to Kendrick Burgess and without a written proxy, appeared at the meeting of directors and objected to the meeting on behalf Kendrick, who is apparently claiming that he is the sole director of the company.

## COUNT I—DECLARATORY RELIEF

29. Plaintiffs incorporate paragraphs 1 through 28 of this Petition as if fully set forth herein.

30. A justiciable controversy exists in this case because, *inter alia*, there is a dispute as to identities of the shareholders of Midwest Scrap and the composition of the Board of Directors.

31. Plaintiffs have a legally protectible interest in their stock and ownership rights in the company they founded over 15 years ago.

32. The controversies contained throughout this Petition are ripe for judicial determination. Without a judicial determination of the rights and interests of the parties to this suit, issues surrounding the ownership interests in the company and who has the authority to operate the company will continue to plague the company and interfere with its ability to continue as an on-going business operation.

## COUNT II—INJUNCTIVE RELIEF

33. Plaintiffs incorporate paragraphs 1 through 32 of this Petition as if fully set forth herein.

34. Unless Kendrick Burgess is immediately restrained and enjoined from entering Midwest Scrap's grounds and property, Plaintiffs and their employees will suffer immediate and irreparable injury for which there is no adequate remedy at law. A Buchanan County Judge has already ruled that he is a danger to the community at large. Given the ongoing dispute as outlined in this Petition, the threat and danger of Kendrick Burgess being allowed on company property cannot be ignored.

35. Moreover, unless Kendrick Burgess is immediately restrained and enjoined from removing, converting, using or otherwise disposing of Midwest Scrap assets and property, including customer information and other proprietary information that he has already attempted

to convert, Midwest Scrap and its employees will suffer immediate and irreparable injury for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs Kenneth and Sherrie Burgess pray for a judgment or judgments granting the following relief:

1. The Court should determine and declare that Kenneth and Sherrie Burgess have been since 1989, and continue to be directors of Midwest Scrap.

2. The Court should determine and declare that the special meeting of the Board of Directors of Midwest Scrap held on September 27, 2005 was duly noticed, valid and authorized, and that the following actions taken by the Board at said meeting are the valid, authorized and enforceable acts of the corporation:

   a. 1,000 of the authorized shares are issued to Melanie Callen, and an additional 1,000 of the authorized shares are issued to Jerrit Burgess, subject only to whatever ministerial acts remain necessary to perfect said issuance of shares;

   b. Kendrick Burgess is removed and dismissed as president of Midwest Scrap;

   c. Kendrick Burgess is directed to return all corporate property he has taken from Midwest Scrap; and

   d. Attorney John Gilliford is dismissed as counsel for Midwest Scrap.

3. The Court should grant the following preliminary and/or permanent injunctive relief:

   a. Restrain and enjoin Kendrick Burgess from entering or setting foot on Midwest Scrap property;

8

b. Restrain and enjoin Kendrick Burgess from acting, attempting to act or identifying himself in any way as President or other official capacity for Midwest Scrap;

c. Restrain and enjoin Kendrick Burgess from converting or otherwise removing Midwest Scrap corporate property and order that he return all corporate property that has been wrongfully or unlawfully acquired; and

d. Restrain and enjoin Kendrick Burgess from engaging in any other ultra vires and other acts that may by harmful to Midwest Scrap, its shareholders, officers and directors.

4. The Court should grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

To the extent any of the above issues, causes of action or requests for relief are triable by a jury, Plaintiffs hereby make the demand for a jury trial on those issues.

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP

By: _____
Anthony J. Durone          MO Bar #43872
Neil Johnson               MO Bar #35120
Two Emanuel Cleaver II Boulevard, Suite 500
Kansas City, Missouri 64112
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

**Attorneys for Plaintiffs Kenneth Burgess and Sherrie Burgess**

## VERIFICATION

I, Sherrie Burgess, declare under penalty of perjury that the facts alleged in the foregoing Petition are true to the best of my knowledge, information and belief.

_____
Sherrie Burgess

Subscribed and sworn to before me this 27th day of September, 2005.

_____
Notary Public

My Commission Expires:

```
JANEANE J. GORE
Notary Public-Notary Seal
State of Missouri
Jackson County
My Commission Expires Mar 23, 2008
```

## ARTICLES OF INCORPORATION

HONORABLE ROY D. BLUNT
SECRETARY OF STATE
STATE OF MISSOURI
JEFFERSON CITY, MISSOURI 65101



The undersigned natural person of the age of eighteen years or more for the purpose of forming a corporation under The General and Business Corporation Law of Missouri adopts the following Articles of Incorporation:

### ARTICLE ONE

The name of the corporation is: <u>MIDWEST SCRAP MANAGEMENT, INC.</u>.

### ARTICLE TWO

The address, including street and number, if any, of the corporation's initial registered office in this state is: <u>121 Elk Street, St. Joseph, MO 64504</u>; and the name of its initial agent at such address is: <u>Kenneth A. Burgess</u>.

### ARTICLE THREE

The aggregate number, class and par value, if any, of shares which the corporation shall have authority to issue shall be:

30,000 shares of common stock, $1.00 par value

The preferences, qualifications, limitations, restrictions and the special or relative rights, including convertible rights, if any, in respect of the shares of each class are as follows:
None

### ARTICLE FOUR

The extent, if any, to which the preemptive right of a shareholder to acquire additional shares is limited or denied:
None

### ARTICLE FIVE

The name and place of residence of each incorporator is as follows:

| Name | Street | City |
|---|---|---|
| Kenneth A. Burgess, | 4406 W. Haverhill, | St. Joseph, Missouri 64506 |

1

Case 5:05-cv-06138-RED   Document 1-1   Filed 11/23/05   Page 11 of 16

## ARTICLE SIX

The number of directors to constitute the first board of directors is three. Thereafter the number of directors shall be fixed by, or in the manner provided in the bylaws. Any changes in the number will be reported to the Secretary of State within thirty calendar days of such change.

## ARTICLE SEVEN

The duration of the corporation is perpetual.

## ARTICLE EIGHT

The corporation is formed for the following purposes:

1. To engage in the operation, ownership and management of any retail or wholesale business allowed by the laws of the State wherein said business is operated, which shall include but not be limited to the business of buying, collecting, processing, trading, salvaging, and selling, either wholesale or retail, any metals or scrap metal which shall include but not be limited to iron, copper, bronze, aluminum, steel and stainless steel and any form or composite thereof.

2. To buy or otherwise acquire, own, hold, manage and control real and personal property of every description, including its own stock and stock in any other corporation, and to sell and to convey, mortgage, pledge, lease, or otherwise dispose of such property or any part thereof, to lend money either upon or without security.

3. To borrow and lend money with or without security and to issue, sell, or pledge bonds, promissory notes, bills of exchange, debentures, and other obligations and evidences of indebtedness, whether secured or unsecured.

4. To guarantee the performance of any contract or the obligation of any person, firm, corporation, association or entity.

5. To purchase, take, receive or otherwise acquire, hold, or pledge, transfer or otherwise dispose of its own shares; provided that the corporation shall not purchase either directly or indirectly its own shares when its net assets are less than its stated capital or when by so doing its net assets would be reduced below its stated capital. Notwithstanding the foregoing, the corporation may purchase its own shares for the purpose of (a) eliminating fractional shares, (b) collecting or compromising claims of the corporation or securing any indebtedness to the

corporation previously incurred, (c) paying dissenting shareholders entitled to payment for their shares in the event of a merger or consolidation or a sale or exchange of assets, or (d) effecting, subject to the provisions of "The General and Business Corporation Law of Missouri," the retirement of the redeemable shares of the corporation by redemption or by purchase not to exceed the redemption price; and provided further that the shares of its own capital stock belonging to the corporation shall not be voted upon by the corporation.

6. To purchase, hold, sell, assign, transfer, mortgage, pledge or otherwise hold and possess or otherwise dispose of, shares of capital stock of, or any bonds, securities or evidence of indebtedness created by any other corporation or corporations of this state or any other state, country, nation or government, and while owner of said stock to exercise all the rights, powers and privileges of ownership including the right to vote thereon.

7. To purchase, acquire, use, lend, lease or hold, improve, operate, hypothecate, mortgage, sell or convey, and otherwise deal in and dispose of property of all kinds, both real and personal, including right of patent from the United States and/or foreign countries, patents, patent rights, license privileges, inventions, franchises, improvements processes, copyrights, trademarks and trade names relating to or useful in connection with the business of this corporation.

8. To buy or otherwise acquire any other enterprise or business together with the goodwill, rights, property and assets of all kinds thereto pertaining and in connection therewith, to assume any of the liabilities of any person, firm or corporation.

9. The objects, purposes and powers of the corporation specified in these Articles of Incorporation shall, except where expressly limited, be in no wise limited or restrained by inference from the terms of any other clause in any other part of these Articles of Incorporation, but the objects, purposes and powers specified in each of the clauses of these Articles of Incorporation shall be regarded as independent and separate objects, purposes and powers of the corporation.

10. In general, to carry on any other business in connection with the foregoing permitted to corporations in this state wherein said business is operated and to have and exercise all of the powers conferred by the General and Business Corporation Law of Missouri and the laws of Missouri upon corporations formed under the law hereinbefore referred to, and to do any and all things hereinbefore set forth to the same extent as natural persons might or could do, and to have one or more offices, and to exercise all or any of its corporate powers and rights, in the State of Missouri, and in various other states, territories, colonies, dependencies of the United States, and the District of

Columbia, and in any and all foreign countries.

## ARTICLE NINE

Each director and officer of the corporation now or hereafter serving as such, shall be indemnified by the corporation against any and all claims and liabilities to which he has or shall become subject by reason of serving or having served as such director or officer, or by reason of any action alleged to have been taken, omitted, or neglected by him as such director or officer; and the corporation shall reimburse each such person for all legal expenses reasonably incurred by him in connection with any such claim or liability, provided, however, that no such person shall be indemnified against, or be reimbursed for any expense incurred in connection with any claim or liability arising out of his own willful misconduct or gross negligence.

The amount paid to any officer or director by way of indemnification shall not exceed his actual, reasonable, and necessary expenses incurred in connection with the matter involved, and such additional amount as may be fixed by a simple majority of the Board of Directors, and any determination so made shall be prima facie evidence of the reasonableness of the amount fixed or binding on the indemnified officer or director.

The right of indemnification hereinabove provided for shall not be exclusive of any rights to which any director or officer of the corporation may otherwise be entitled by law.

IN WITNESS WHEREOF, these Articles of Incorporation have been signed this 12th day of October, 1989.

_Kenneth A. Burgess_
Kenneth A. Burgess

STATE OF MISSOURI )
: ss.
COUNTY OF BUCHANAN )

I, April L. Gardner, a notary public, do hereby certify that on the 12th day of October, 1989, personally appeared before me, Kenneth A. Burgess, who being by me first duly sworn, declared that he is the person who signed the foregoing document as incorporator, and that the statements therein contained are true.

APRIL L. GARDNER
NOTARY PUBLIC STATE OF MISSOURI
BUCHANAN COUNTY
MY COMMISSION EXP. FEB. 27, 1993

_April L. Gardner_
Notary Public

4




**State of Missouri**
Office of the State Courts Administrator

Search for Cases by: [Select Search Method...]

| Judicial Links | Court Links | Help | Contact Us | Print |

Supreme Court
Court of Appeals
Circuit Courts
Office of State Courts Administrator
Automation
Court Opinions
Newsroom
Related Sites

**5th Judicial Circuit (Andrew & Buchanan counties)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments |

**05BU-CR02848 - ST V KENDRICK SHAWN BURGESS**

This information is provided as a service and is not considered an official court record.

### Charge/Judgment

**Description:** Possess/Discharge Loaded Firearm/Projectile Weapon While Intoxicated { *Felony D RSMo: 571.030* }

**Date:** 09/26/2005　　　　　**Code:** 3116200

**OCN:** G2005040



**State of Missouri**
**Office of the State Courts Administrator**

Search for Cases by: [Select Search Method...]

Judicial Links | Court Links | Help | Contact Us | Print

Supreme Court
Court of Appeals
Circuit **5th Judicial Circuit (Andrew & Buchanan counties)**
Office of State Courts Administrator
Automation
Court Opinions
Newsroom
Related Sites

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments |

**05BU-CR02848 - ST V KENDRICK SHAWN BURGESS**

This information is provided as a service and is not considered an official court record. Further information may be available in the docket entries portion of Case.net. Because service of process may establish legal obligations, you may want to examine the original case file in the clerk's office.

Displaying 1 thru 1 of 1 service records returned for case 05BU-CR02848.

### Issuance

**Issued To:** BURGESS, KENDRICK SHAWN  
**Date Issued:** 09/26/2005

**Document Issued:** Warrant for Arrest  
**Due Date:** 06/21/2008

**Document ID:** 05-ARWA-2489

**Bond Text:** BOND DENIED BECAUSE THE COURT FINDS FROM THE SWORN FACTS OF THE PROBABLE CAUSE STATEMENT THAT THE DEFENDANT IS A DANGER TO THE COMMUNITY.

### Return

**Type Of Service:** Warrant Served  
**Service/Attempt Date:** 09/27/2005

**Served To:** BURGESS, KENDRICK SHAWN

Displaying 1 thru 1 of 1 service records returned for case 05BU-CR02848.